UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ERICK ANGEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. _____ |
| vs. | ) |
| | ) Judge _____ |
| LONG'S GRAVE DIGGING, LLC and | ) |
| RICHARD LONG, | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT

Plaintiff Erick Angel ("Plaintiff"), pursuant to Section 216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), files this lawsuit against Defendant Long's Grave Digging, LLC and Richard Long (collectively "defendants"), and for his cause of action states as follows:

1. Defendant Long's Grave Digging, LLC ("LGD") is, upon information and belief, a limited liability company, organized in the State of Tennessee with its principal office at 4035 Fish Hatchery Road, Mohawk, Tennessee 37810, doing business in Davidson County, Tennessee, and may be served through its registered agent, Shea Long, 4034 Fish Hatchery Road, Mohawk, Tennessee 37910.

2. While Plaintiff worked for defendant LGD, defendant Richard Long has been a member of LGD and has had operational control of LGD's enterprise.

3. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events giving rise to this claim occurred in the Middle District of Tennessee.

5. Defendants own and operate a grave digging service that operates throughout Tennessee, including Forest Lawn cemetery located in Davidson County, Tennessee.

6. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, and had annual gross volume of sales which exceeded $500,000.

7. Plaintiff was employed by defendants within the last three years before the filing of this lawsuit.

8. At all times material to this action, plaintiff was employed by defendants as a manual laborer at Forest Lawn cemetery, a client of defendants, and whose primary duties included excavation work, setting up tents and chairs for funerals, and general grounds maintenance.

9. While Plaintiff was employed by defendants, they were an "employer" of plaintiff as defined by Section 203(d) of the FLSA.

10. While plaintiff was employed by defendants, plaintiff was an "employee" of defendants as defined by Section 203(e)(1) of the FLSA, and worked for defendants within the territory of the United States within three years preceding the filing of this lawsuit.

11. While plaintiff was employed by defendants, he was engaged in commerce or in the production of goods for commerce as defined in Section 203(r) and 203 (s).

12. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to defendants.

13. While plaintiff was employed by defendants, he was entitled to overtime wages at a rate of one and one-half times his regular rate of pay for hours worked over 40 in a given workweek, pursuant to Section 207 of the FLSA.

14. While plaintiff was employed by defendants, he worked more than 40 hours per work week during most or all work weeks, but was not paid overtime wages at a rate of one and one-half times his regular rate of pay for all hours worked over 40 in a given workweek as required by Section 207 of the FLSA.

15. Defendants' violations of Section 207 of the FLSA were willful.

16. Defendants' violations of Section 207 of the FLSA were not in good faith.

17. As a result of defendants' failure to comply with Section 207 of the FLSA, defendants are liable to plaintiff for overtime back pay.

18. In addition to the amount of unpaid overtime wages owing to plaintiff, plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. Section 216(b).

19. Plaintiff is entitled to an award of attorney's fees pursuant to 29 U.S.C. § 216(b).

20. Pursuant to Section 216(b), attached hereto and filed with this Complaint as Exhibit A is Plaintiff's Consent to Become Party Plaintiff.

WHEREFORE, Plaintiff prays for the following relief:

(a) That he be awarded damages in the amount of his respective unpaid overtime compensation, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b);

(b) An award of reasonable attorney's fees;

(c) An award of the costs and expenses of this action; and

(d) Such other, further general legal and equitable relief to which they may be entitled.

Respectfully submitted,


/s/Randall W. Burton
Randall W. Burton, (TN Bar No. 15393)
Second Avenue, North
Suite 212
Nashville, Tennessee 37201
(615) 620-5838

*Counsel for Plaintiff*